No. 426

BROCKMAN v. STATE

Supreme Court of Ohio

On Motion for Leave to File Petition in Error Docketed May 24, 1924

465. ERROR—

1. In selection of jury.

2. Rulings on admissibility of evidence.

3. Attitude of Court towards counsel for defense.

Brockman was indicted with Tieman and Kingsbury for murder in the first degree. Brockman was tried three times. The jury disagreed twice. At the third trial he was convicted of murder in the second degree. The testimony showed that Tieman and Kingsbury, together with a third party, robbed a man by the name of Brate, who was accompanied by a young lady named Starr, in Lockland on the 16th day of January, 1921. Brate later secured a revolver and flashlight and together with Miss Starr and a man by the name of Corry, started out to hunt for the robbers, whom they found at Arlington Heights. Brate jumped from the machine, pointed the revolver at the robbers and ordered them to hold up their hands.

She also jumped out, threw the flashlight on the men and took some of the property that had been stolen. During the course of this proceeding Brate and one of the robbers exchanged shots and Brate was killed. Tieman and Kingsbury testified that Brockman was the third party with them on that night. Miss Starr had previously identified two of the men as the men who had robbed them that night, but repudiated her previous identification and undertook to identify Brockman as the third man of the party. Brockman's defense was that he was elsewhere at the time the crime was committed. The case was tried in the Hamilton Common Pleas, and on error proceedings was affirmed in the Court of Appeals.

Counsel for Brockman claimed error in the trial for the following reasons:

1. That the State's attorney was allowed to question each juror as follows:

"I want you to assume for the purpose of answering this question, that Kingsbury, Tieman and Brockman committed this robbery and murder. I want you to assume that Kingsbury and Tieman are going to testify for the State against the defendant. Would the mere fact that they were out there with him that night and they are now testifying against him, prejudice you against them or their testimony?"

2. In sustaining the challenge of the State to a juror who answered the foregoing question in the affirmative.

3. In permitting the prosecutor to ask Miss Starr, the leading witness, leading questions as to her identification of Brockman and denying defense counsel on re-cross-examination to question her relative to testimony given by her at the coroner's inquest.

4. In direct testimony Miss Starr stated that all of the robbers held up their hands. On cross-examination, she was questioned as to whether she had not testified differently at the first trial of the case. On re-direct examination the prosecutor, on the leading question, asked her if she had not testified before the coroner that all of the men except one short man threw up their hands.

5. Testimony of a witness as to what Kingsbury had told her about the robbery and who were concerned in it.

6. Refusal of the court to allow a witness for the defense to testify whether or not Brockman was playing cards with him in a certain cafe every Sunday night during January, the night of the murder. January 16, 1921, having been on a Sunday night.

7. The permission of the cross-examination and rebutting testimony with reference thereto, of Bessie Brockman, sister of the defendant, which tended to disgrace the witness and not to affect her creditability.

8. The constant criticizing and admonishing by the court of counsel for defendant in the hearing of the jury under circumstances that did not call for criticism and admonition.

Attorney—Arthur Georgi, Edward M. Ballard, for Brockman.